TAD ANDREW DAMPF

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-269-CR

TAD ANDREW DAMPF APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL COURT NO. 3 OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)
------------

Appellant Tad Andrew Dampf appeals from his conviction for resisting arrest, search, and transportation.  
See
 
Tex. Penal Code Ann. § 38.03 (
Vernon 2003).  In his sole point, he challenges the legal sufficiency of the evidence.  
In reviewing the legal sufficiency of the evidence to support a conviction,
 we review
 all the evidence in the light most favorable to 
the judgment.  
Cardenas v. State, 
30 S.W.3d 384, 389-90 (Tex. Crim. App. 2000); 
Narvaiz v. State
, 840 S.W.2d 415, 423 (Tex. Crim. App. 1992), 
cert. denied
, 507 U.S. 975 (1993).  The critical inquiry is whether, after so viewing the evidence, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.
  
McDuff v. State
, 939 S.W.2d 607, 614 (Tex. Crim. App.), 
cert. denied
, 522 U.S. 844 (1997).  This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.  
Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979). 

The evidence shows that appellant resisted efforts of the police to arrest him, acted in a hostile manner after being handcuffed and placed under arrest, and had to be forcibly placed in the squad car.  Although evidence indicates that the arrest may have been unlawful, it is no defense to the offense of resisting arrest that the arrest was unlawful.  
See
 Tex. Penal Code Ann.
 § 38.03(b).  
We hold the evidence was legally sufficient to support the judgment and overrule appellant’s sole point.

We affirm the trial court’s judgment.
 

PER CURIAM

PANEL F: DAY, HOLMAN, and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED:  March 27, 2003

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.